### STATE *v.* JOSEPH McCURRY.

A *special venire* summoned previous to the day of trial cannot be successfully challenged because the original .panel was set aside upon a challenge to the array.

An objection by the State to a question asked of a witness being sustained by the Court but immediately afterwards withdrawn so that the prisoner might have asked it : *Held,* no ground for a new trial, especially where the ·same question was asked and answered by another witness.

There being no evidence of a mutual combat between the prisoner and the deceased, it was proper for the Court to refuse to charge the jury upon the supposition that there was such evidence.

(*State* v. *Owen,* Phil , 425 ; *Freeman* v. *Edwards,* 3 Hawks, 5 ; *State* v. *Benton,* 2 D. & B., 196, cited and approved.)

MURDER, tried before *Gilliam, J.,* at Fall Term 1867 of the Superior Court of CLEAVELAND.

Upon the trial, the prisoner challenged the array of the original panel, because the list had not been made out according to the Revised Code. The Solicitor admitted the cause of challenge, and the panel was set aside. The prisoner then challenged the array of the special *venire* summoned the day before, because the original panel had been set aside. His Honor refused to set aside the *venire,* and the prisoner excepted.

The deceased, Huldah McCurry, the wife of the prisoner, was found dead in her bed, on the morning of the 4th December, 1866, and it was alleged that she was strangled by choking. There were marks of violence on her neck, as if made by a man's thumb on one side, and his fingers on the other. Dr. J. W. Harris, who was present at the coroner's inquest, testified that the marks were made upon the neck of the deceased at the time of her death, or immediately before, though the prisoner told him and one Noah Bickerstaff when the marks were noticed, that he made them there in a *fuss* he had with the deceased on the evening of the 2nd.of December. A witness who was at the house of the prisoner on the 3rd, testified that the deceased then seemed well, and no marks on her neck were observable. Noah Bickerstaff was asked by

3

the prisoner, upon cross-examination, whether the Crow family (the maiden name of the deceased being Crow) were not affected with a disease of the throat. The Solicitor objected, and 'the objection was sustained. Immediately afterwards the objection was withdrawn, but the prisoner did not repeat the question, but asked and obtained an answer to the same question from another witness, without objection. The prisoner excepted because the Court sustained the objection to the question to Bickerstaff. Several witnesses testified that the prisoner frequently beat his wife, and threatened to kill her, when he was drunk. There was no evidence of her offering any resistance, except that of one witness, who saw her strike him with a chair, some eight or ten years before, upon his slapping her in the face.

The prisoner's counsel asked the Court to charge the jury, that if they were satisfied the killing took place in a mutual combat between the prisoner and the deceased, they could convict of manslaughter only. The Court declined so to charge, because there was no evidence of a mutual combat, and the prisoner again excepted.

Verdict, Guilty. Motion for a new trial overruled. Judgment, and Appeal.

*Merrimon*, for the prisoner.
*Attorney General, contra.*

BATTLE, J. The exceptions upon which the prisoner founds his application for a *venire de novo*, and also for a new trial, have been carefully examined and considered by us, and we are unable to find anything in either of them to prevent the sentence of the law from being passed upon him.

1. The objection raised by the prisoner's challenge to the array of the special *venire* was urged and overruled at the last term in the case of the *State* v. *Owen*, Phil., 425.

2. On the application for a new trial, the objection to the exclusion of the testimony of Bickerstaff, in relation to sore throat in the family of the deceased, cannot avail, because the

objection was immediately withdrawn, and the prisoner had liberty to introduce it if he chose. He did ask the same question of another witness, and it was answered. Whether the question was relevant or not, he cannot complain that he was deprived of the benefit of an answer to it.

3. There was not the slightest evidence of a mutual combat, and the Judge was right in refusing to give the charge asked upon the supposition that there was. As early as the case of *Freeman* v. *Edmunds*, 3 Hawks, 5, it was decided that a Judge should not charge a jury on a point upon which no testimony had been offered. See also *State* v. *Benton*, and other cases referred to in the Digest, Vol. 2, Tit. Practice, Judge's Charge.

As we find no error in the record, it must be so certified to the Superior Court of Law for the county of Cleaveland, to the end that the sentence of the law may be executed upon the prisoner.

PER CURIAM.                    There is no error.